GEOGHEGAN et al. v. ERNST.

(Circuit Court of Appeals, Second Circuit. February 13, 1919.)

No. 176.

1. PATENTS ☞226—INFRINGEMENT—WHAT CONSTITUTES.
    If a patent claim reads upon an offending apparatus infringement is suggested, although not proved, but there is no infringement if the claim will not read upon that which is said to infringe.

2. PATENTS ☞328—VALIDITY—INFRINGEMENT—HOISTING APPARATUS.
    Rutan patent, No. 1,170,193, claims 1, 2, and 3, for hoisting apparatus, *held* valid, but not infringed.

Appeal from the District Court of the United States for the Western District of New York.

Suit by Charles A. Geoghegan and others against Charles K. Ernst. Decree for defendant, and plaintiffs appeal. Affirmed.

Appeal from decree in equity entered in the District Court for the Western District of New York.

Action is upon claims 1, 2, and 3 of patent to Rutan, dated February 1, 1916, No. 1,170,193. Of these claims the first is most general, and is as follows:

"1. In a device of the character set forth, a hoistway, hoisting apparatus therein having a vertically movable standard, means for elevating said standard, vertically swinging doors covering such hoistway, means depend-

ing within the hoistway and means pivotally supported thereon and pivotally connected with each other and with said doors and co-operating with said standard for automatically operating the doors."

The object of invention (as stated in the disclosure) is to provide means whereby a hoisting apparatus in a cellar may be extended upward above the sidewalk level, automatically opening the cellar door when it rises, and securely closing the door upon its descent. The invention is said to consist in "certain novel features of construction and arrangement by which" the foregoing objects are attained.

In practical application the inventor has produced an ash hoist which opens and closes the door in a city sidewalk through which it appears to do its work.

It is not asserted that any invention lies in the hoist. Any kind of hoist actuated in any manner may be used; but the specification dwells upon the connection, interrelation, and co-ordination of any hoist capable of ascending through the sidewalk aperture and the door or doors which normally cover the hole in the pavement, and indeed form a portion of that pavement.

The disclosed and described connection between hoist and door consists essentially in a downward extension of the frame surrounding the open hoistway, to which extension is attached a lever raised and lowered by the ascending or descending hoist, or some portion thereof, to which lever is pivoted a link, which link is also pivoted to an appropriate extension of the door.

Thus the upward or downward movement of the lever, when actuated by the ascending or descending hoist, communicates the energy of the hoisting apparatus through the link (connecting the lever and door) to the door itself, and moves it in accord with the vertical movements of the hoist.

The disclosure of the patent is confined to a hoistway with two doors; and that word is in the plural throughout all the claims in suit. But it may be assumed with the plaintiffs that, with no other modification than would occur to any competent mechanic, the device is applicable to a single door.

Defendant's alleged infringement is a simple hand hoist whose rising standard is connected with a single cellar door by a link pivoted at one end to the hoist and at the other to the door. It is mechanically operable but crude, and, if the standard should ever get "out of plumb," would become mathematically impossible.

The lower court overruled the defense of anticipation, sustained that of non-infringement, and dismissed the bill. Plaintiffs bring this appeal.

W. P. Preble, of New York City, for appellants.

Wilhelm & Parker, of Buffalo, N. Y. (Charles W. Parker, of Buffalo, N. Y., of counsel), for appellee.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). Whenever defendant's machine works it opens the door, through which the telescopic ash hoist is to project itself, by a straight thrust. It has no lever and nothing wherewith to exert leverage. This is a fundamental difference between the two pieces of apparatus.

If it be attempted to read the first claim of Rutan's patent upon Ernst's device, the latter is found to have no "means depending within the hoistway" upon which other means are "pivotally supported," which latter means are "connected * * * with said door's." Consequently Ernst has not "depending means" and "pivotally supported means" co-operating with a standard in order to automatically operate a door.

[1] If (as has been often said) a claim reads upon an offending apparatus, that fact suggests but does not prove infringement; but

if a claim will not read upon that which is said to infringe, there can be no infringement.

There are many reported instances of most benevolent reading of claims to bring that which really copies a man's invention within the scope of an inartificially drawn definition, i. e., claim.

[2] But in this instance the claims are accurate, and assumed their present shape after applicant had demanded as his most general claim the following:

"In a device of the character set forth, a hoistway, hoisting apparatus therein having a vertically movable standard, means for elevating such standard, doors covering such hoistway, and mechanism actuated by such elevating means for automatically operating said doors."

In other words, Rutan thought himself entitled to prevent any one else from opening a door or doors over a telescopic hoist by means of any mechanism obtaining its power from the rising hoist itself.

He had no right to such claim, and was told by the examiner that "claims should be limited to what applicant has actually invented." He did invent, and was entitled to a patent for, the embodiment of the idea of opening the door by means of a link actuated by a lever, which in turn was driven by the rising hoist. But the general idea of pushing up a cellar door by a rising standard was old with Berry & Gale No. 740,080, and the same idea, for the specific purposes of an ash hoist, had been shown by Sundh No. 955,922. If Rutan had obtained and been entitled to the claim he asked for but did not get, Ernst would have infringed; as it is, he does not.

We therefore agree with the court below that within the scope of the very precise claims in suit, the Rutan patent is valid; but no infringement is shown.

Decree affirmed with costs.